ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| PEDRO I. RAMÍREZ DÍAZ<br><br>Querellante-Recurrido<br><br><br>V.<br><br><br>FIRST MEDICAL HEALTH PLAN, INC.<br><br>Querellada-Peticionaria | KLCE202301042 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan |
| | | Civil Núm.:<br>SJ2022CV08946 |
| | | Sobre:<br>Despido Injustificado y Represalias bajo el Proceso Sumario de la Ley Núm. 2 del 17 de octubre de 1961, 32 LPRA sec. 3118, *et seq*. |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

# RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de septiembre de 2023.

Comparece ante nos First Medical Health Plan, Inc. (First Medical o Peticionaria) y solicita que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario) el 8 de septiembre de 2023, notificada el 11 del mismo mes y año. Mediante el referido dictamen, el TPI declaró *No Ha Lugar* una *Moción de Sentencia Sumaria* instada por First Medical y concluyó, en lo pertinente que:

> […][L]os hechos presentados como incontrovertidos no son suficientes para poder decretar la desestimación sumaria de las causas de acción por despido injustificado y represalia. Por consiguiente, no procede dictar sentencia sumaria. Además, existen elementos de intención y credibilidad que deberán dilucidarse en un juicio plenario. En este caso la prueba sostiene que hubo un

despido, y al presente, como concluimos anteriormente, el patrono no ha establecido su justa causa.[1]

Luego de deliberar los méritos del recurso ante nos, entendemos procedente no intervenir con la decisión recurrida. Si bien este foro apelativo no está obligado a fundamentar su determinación al denegar la expedición de un recurso discrecional,[2] abundamos sobre las bases de nuestra decisión para que las partes no alberguen dudas en sus mentes sobre el ejercicio de nuestra facultad revisora y su justificación jurídica.

Conforme a lo anterior, expresamos que no surge del expediente de este caso que el TPI actuase mediando prejuicio, parcialidad, error manifiesto o mediante craso abuso de su discreción.[3] Tampoco divisamos fundamentos jurídicos que motiven la expedición del auto instado al amparo de los criterios dispuestos por la Regla 52.1 de Procedimiento Civil[4] y la Regla 40 del Reglamento de este Tribunal de Apelaciones.[5] Basado en lo anterior, *denegamos* la expedición del auto de *certiorari* ante nuestra consideración.[6]

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*

---

[1] Apéndice del Recurso, págs. 759.
[2] 32 LPRA Ap. V, R. 52.1.
[3] *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).
[4] 32 LPRA Ap. V, R. 52.1.
[5] 4 LPRA Ap. XXII-B, R. 40.
[6] Examinada la *Moción Informando Cumplimiento con la Regla 33(A) y (B) del Reglamento del Tribunal de Apelaciones* presentada por la Peticionaria el 22 de septiembre de 2023, expresamos darnos por *enterados*.